UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:06CV-124-R

FLEETWOOD ENTERPRISES, INC.                                                                PLAINTIFF

v.

JACKIE TAYLOR                                                                                        DEFENDANT

**MEMORANDUM OPINION**

This matter is before the Court on Plaintiff's Motion for Summary Judgment (Docket #9). Defendant filed a response (Docket #12) to which Plaintiff replied (Docket #13). This matter is now ripe for adjudication. For the reasons that follow, Defendant's Motion for Summary Judgment is DENIED.

**BACKGROUND**

Plaintiff has established and maintains a self-funded employee benefit plan ("Fleetwood Plan") for its employees and their eligible dependants. Defendant is a beneficiary of the Fleetwood Plan. On October 12, 2001, Defendant was involved in an automobile accident in which she sustained personal injuries. As a result of Defendant's injuries, the Fleetwood Plan paid medical benefits in the amount of $44,426.10 on Defendant's behalf.

The Fleetwood Plan contains a section entitled "Right of Recovery," which states[1]:

As a condition of payment under This Plan for expenses incurred by any covered Member due to injury or sickness for which a third party may be liable:

- The Plan shall, to the extent of benefits it has paid, be subrogated to all rights

---

[1] Plaintiff submitted an affidavit stating that from January 1, 2001, through December 31, 2004, the Fleetwood Plan's Right of Recovery provision has remained the same.

  of recovery of covered Members against such third party or such covered Member's insurance carrier in the event of a claim under the uninsured or underinsured auto coverage provision of an auto insurance policy.

- The Plan shall have the right of first reimbursement from any recovery a covered Member receives, even if the covered Member has not been made whole.

- The Plan shall have the right to recover from the covered Member amounts received by judgment, settlement or otherwise from such person or entity, which includes the auto insurance carrier which provides the covered Member's uninsured or underinsured auto insurance coverage.

- the covered Member (or a person who is authorized by law to represent such Member if they are not legally capable) shall execute and deliver any documents that are required, and do whatever else is necessary to secure such rights.

Defendant asserted a negligence claim against the party liable for the automobile accident, which she settled for $100,000. Defendant also asserted a claim against her own under insured motorist carrier, which she settled for $25,000. Defendant's medical bills and lost income resulting from the accident were in excess of $900,000.

After receiving the settlement recovery and reimbursing Medicare and paying attorney's fees and expenses, Defendant received $69,648.60. Defendant states that she spent a large portion of these funds on mortgage, utility, and other loan payments as well as medical bills. Defendant indicates that she has only $12.74 in her checking account, has no savings account or available cash funds, and no financial investments, stocks, bonds, CDs, or 401K.[2] Defendant has not been able to work since the motor vehicle accident and currently receives Social Security disability and Medicare. Defendant indicates that she sometimes has to rely on help from her family to pay for groceries and medical prescriptions.

---

[2] Defendant made this statement on July 9, 2007.

Plaintiff filed the instant action on July 21, 2006, seeking to impose a constructive trust and/or equitable lien over identifiable settlement funds, up to the amount of the benefits advanced by the Fleetwood Plan on Defendant's behalf, in the possession and/or control of the Defendant.

## STANDARD

In *Wilkins v. Baptist Healthcare Systems, Inc.*, the Sixth Circuit held that § 502(a) actions were not subject to Federal Rule of Civil Procedure 56 motions. 150 F.3d 609, 617 (6th Cir. 1998). Instead, this Court must conduct a *de novo* review based on the administrative record; it must render findings of fact and conclusions of law, *id.* at 619, unless the benefit plan gives the administrator discretion to determine eligibility or construe the plan's terms, in which case an arbitrary and capricious standard applies. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). Here, the Plan grants its administrators such discretion. The Plan provides in pertinent part:

> The Planholder, as plan administrator within the meaning of ERISA, has complete discretion to construe or interpret all provisions, to determine eligibility for benefits, and to determine the type and extent of benefits, if any, to be provided. The Planholder's decisions in such matters shall be controlling, binding, and final. In any action to review any such decision by the Planholder, the Planholder shall be deemed to have exercised its discretion properly unless it is proved duly that the Planholder has acted arbitrarily and capriciously.

When applying an arbitrary and capricious standard of review, this Court must determine whether "it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome." *Bartling v. Fruehauf Corp.*, 29 F.3d 1062, 1071 (6th Cir. 1994) (citing *Davis v. Ky. Fin. Cos. Ret. Plan*, 887 F.2d 689, 693 (6th Cir. 1989)). If such an explanation is available, this Court must respect the decision of the claims administrator and uphold it. *Id.* In evaluating those decisions, this Court must consider only the evidence before the administrator at the time, *Daniel v. Eaton Corp.*, 839 F.2d 263 266-67 (6th Cir. 1988), and must account for potential conflicts of

3

interest. *Kulkarni v. Metro. Life Ins. Co.*, 187 F. Supp. 2d 724, 727 (W.D. Ky. 2001) (citing *Bruch*, 489 U.S. at 115; *Peruzzi v. Summa Med. Plan*, 137 F.3d 431, 433 (6th Cir. 1998)).

## DISCUSSION

### I. EQUITABLE RELIEF

Plaintiff has requested equitable relief to enforce the terms of the Fleetwood Plan pursuant to 29 U.S.C. § 1132(a)(3) seeking the imposition of a constructive trust or equitable lien over settlement proceeds in the actual or constructive possession of Defendant.

> A fiduciary may bring a civil action under § 502(a)(3) of ERISA "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3).

*Sereboff v. Mid Atl. Med. Servs., Inc.*, 126 S. Ct. 1869, 1873 (2006).

Both parties cite to *Sereboff v. Mid Atlantic Medical Services, Inc.*, where the Supreme Court permitted a plaintiff to sue a plan beneficiary under § 502(a)(3) of ERISA to enforce a reimbursement provision in a benefit plan on a theory of equitable restitution. *Sereboff* involved a claim by a plan administrator to obtain reimbursement for medical expenses that had been paid out to plan beneficiaries by a third party tortfeasor. *Id.* at 1873. The plan beneficiaries had placed the disputed portion of the funds into a trust account pending the outcome of the litigation. *Id.* The Supreme Court emphasized that the funds had been specifically identified, via the third party recovery provision of the plan; the funds were still in the defendants' possession; and it was undisputed that the plaintiff was entitled to them under the plan's terms. *Id.* at 1874.

Defendant argues that Plaintiff cannot enforce a constructive trust or equitable lien in the amount of $44,426.10 as the funds are no longer in Defendant's possession.

4

The Court finds the Eleventh Circuit's opinion in *Popowski v. Parrott,* instructive. In *Popowski*, two plans sought recovery from Defendants under § 502(a)(3) of ERISA for reimbursement for medical expenses paid by each plan on behalf of the respective defendants. 461 F.3d 1367, 1369 (11th Cir. 2006). The court, comparing the provisions of the two plans, determined that one plan had stated a claim for appropriate equitable relief whereas the other plan had failed to meet the requirements, as outlined in *Sereboff*, for the assertion of an equitable lien for the purposes of 29 U.S.C. § 1132(a)(3).

The first plan claimed a lien "on any amount recovered by the Covered Person whether or not designated as payment for medical expenses," and clarified that "[t]he Covered Person . . . must repay to the Plan the benefits paid on his or her behalf *out of* the recovery made from the third party or insurer." *Id.* at 1373. The Court stated that these provisions specified both the fund - recovery from the third party or insurer - out of which reimbursement is due to the plan and the portion due the plan - benefits paid by the plan on behalf of the defendant. *Id.* The court found that this plan had stated a claim for appropriate equitable relief under 29 U.S.C. § 1132(a)(3) as the plan sought not to impose personal liability on the defendant, but to restore to the plaintiffs particular funds or property in the defendant's possession." *Id.*

However, the court found that the second plan failed to meet the requirements for the assertion of an equitable lien. *Id.* at 1374. The subrogation and reimbursement provisions of this plan claimed a right to reimbursement "in full, and in first priority, for any medical expenses paid by the Plan relating to the injury or illness," but did not specify that the reimbursement be made out of any particular fund. *Id.* at 1373-74. The court found instead that the receipt of a "settlement, judgment, or other payment relating to the accidental injury or illness" was a trigger for the general

5

reimbursement obligation. *Id.* at 1374. The court also found that in requiring reimbursement "in full" the plan failed to limit recovery to a specific portion of a particular fund. *Id.*

Here, the Fleetwood Plan's reimbursement provision states that "[t]he Plan shall have the right of first reimbursement from any recovery a covered Member receives, even if the covered Member has not been made whole." Thus, the Fleetwood Plan specifies the fund - any recovery a covered Member receives - out of which reimbursement is due to the plan. However, the Fleetwood Plan fails to specify the portion due the plan. As the Fleetwood Plan failed to identify the portion due the plan, the plan fails to meet the requirements for the assertion of an equitable lien.[3] *See id.* at 1374.

Therefore, this Court finds that Plaintiff may not assert an equitable lien over any recovery received by Defendant as a matter of law.

## II.  MAKE-WHOLE DOCTRINE

Defendant asserts the "make-whole doctrine" as an affirmative defense to Plaintiff's claim. Plaintiff asserts that because she was not fully compensated by the settlement proceeds, the Fleetwood Plan is not entitled to reimbursement.

The Sixth Circuit has adopted the make-whole rule of federal common law, which "requires that an insured be made whole before an insurer can enforce its right to subrogation under ERISA,

---

[3] This provision stands in contrast to the Fleetwood Plan provision on subrogation, which states:

> The Plan shall, *to the extent of benefits it has paid*, be subrogated to all rights of recovery of covered Members against such third party or such covered Member's insurance carrier in the event of a claim under the uninsured or underinsured auto coverage provision of an auto insurance policy.

Emphasis added.

unless there is a clear contractual provision to the contrary." *Copeland Oaks v. Haupt*, 209 F.3d 811, 813 (6th Cir. 2000). This rule is merely a default rule. *Id.* Although subrogation and reimbursement are distinct doctrines, they are treated the same for purposes of application of the make-whole doctrine. *Hiney Printing Co. v. Brantner*, 243 F.3d 956, 959 (6th Cir. 2001). An ERISA plan disavows the make-whole doctrine by establishing both "a priority to the funds recovered **and** a right to any full or partial recovery." *Copeland Oaks*, 209 F.3d at 813.

> The Fleetwood Plan states:
>
> As a condition of payment under This Plan for expenses incurred by any covered Member due to injury or sickness for which a third party may be liable:
>
> . . .
>
> - The Plan shall have the right of first reimbursement from any recovery a covered Member receives, even if the covered Member has not been made whole.

Plaintiff argues that this provision specifically disavows the make-whole doctrine as required by the standard set forth in *Copeland Oaks*. Defendant argues that the Fleetwood Plan does not meet this standard as the Plan does not specifically state the Plaintiff has a right to any full or partial recovery, and, therefore, the make-whole default rule applies.

The Court finds that the reimbursement provision specifically disavows the make-whole doctrine. The provision states that the Fleetwood Plan has the right of reimbursement even where the covered member has not been made whole. *Cf. Hiney*, 243 F.3d at 959 (finding subrogation provision ambiguous and thus make-whole doctrine applied, because plan did not address whether right to subrogation applied where member was not fully compensated for injuries). Thus, the Fleetwood Plan establishes both a priority to funds recovered and a right to any full or partial recovery.

This Court finds that because the Fleetwood Plan's provision on reimbursement establishes both a priority to funds recovered and a right to any full or partial recovery, Defendant's affirmative defense of the make-whole doctrine fails as a matter of law.

## III.   FORFEITURE

Defendant raises forfeiture as an affirmative defense, claiming that the Fleetwood Plan was required to intervene in her lawsuit against the party responsible for the automobile accident. Defendant argues that because the Fleetwood Plan did not intervene and assert a claim directly against the negligent party, the Fleetwood Plan forfeited any claim to the proceeds of her settlement. Plaintiff asserts that Defendant has confused the doctrines of subrogation and reimbursement and that Plaintiff was not required to intervene in order to seek reimbursement.

Subrogation and reimbursement are distinct doctrines. *Hiney*, 243 F.3d at 959. "Unlike subrogation, which arises under state law and allows the insurer to stand in the shoes of its insured, reimbursement is a contractual right governed by ERISA and comes into play only after a plan member has received personal injury compensation." *Unisys Med. Plan v. Timm*, 98 F.3d 971, 973 (7th Cir. 1996), *quoted in Marshall v. Employers Health Ins. Co.*, Nos. 96-6063, 96-6112, 1997 U.S. App. LEXIS 36769, at *16 (6th Cir. Dec. 30, 1997).

This Court finds that because the Fleetwood Plan provided a distinct right to reimbursement, Plaintiff's affirmative defense of forfeiture fails as a matter of law.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment is DENIED.

An appropriate order shall issue.